NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERALD SPENCE, | No. 19-15898 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-01363-LJO-SAB |
| v. | |
| KELLY SANTORO, et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted December 11, 2019[**]

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

California state prisoner Gerald Spence appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his safety and serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A).  We affirm.

The district court properly dismissed Spence's action because Spence failed to allege facts sufficient to state any plausible claims.  *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994) (setting forth elements of a failure-to-protect claim); *Maxwell v. County of San Diego*, 708 F.3d 1075, 1097 (9th Cir. 2013) ("[T]here is no respondeat superior liability under § 1983."); *Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004) (setting forth elements of a medical deliberate indifference claim).

We reject as meritless Spence's contention that the district court applied a "different" pleading standard to his claims.

Spence's "Request for Certificate of Appealability" is denied as unnecessary.

**AFFIRMED.**